STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
_____

JENNIFER M. LAMARCA
776 Auburn Avenue, Apt. 1
Buffalo, NY 14222

                                                **Plaintiff**

      -vs-
                                                **SUMMONS**
                                                Index No.:

JAMES LEE McINTOSH
1617 E. Moore Road
Milford, MI 48381

GENERAL MOTORS, LLC
2995 River Road
Buffalo, NY 14207

                                             **Defendants**
_____

**To the above named Defendants:**

      **You Are Hereby Summoned** *to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within* **20 days** *after the service of this summons, exclusive of the day of service, where service is made by delivery upon you, personally, within the state, or within 30 days after completion of service, where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you, by default, for the relief demanded in the complaint.*

*Trial to be held in the County of Erie*
*The basis of the venue is Plaintiff's residence*
*Plaintiff resides in Erie County*

**Dated:**  This 13th day of December, 2018
           Lockport, New York

                                                               **THE LAW OFFICE OF JON LOUIS WILSON**
                                                                 **Attorneys for the Plaintiff**
                                                                  **The Centennial House**
                                                                  **111 Ontario Street**
                                                                 **Lockport, NY, 14094**
                                                                  **(716) 434-2010**

**To the above named Defendants:**
*The nature of the action is a claim in negligence.*
*The relief sought is a money judgment for plaintiffs' damages.*

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

JENNIFER M. LAMARCA
776 Auburn Avenue, Apt. 1
Buffalo, NY 14222

          Plaintiff

    -vs-

JAMES LEE McINTOSH
1617 E. Moore Road
Milford, MI 48381

GENERAL MOTORS, LLC
2995 River Road
Buffalo, NY 14207

          Defendants

**VERIFIED COMPLAINT**
Index No.:

---

Plaintiff, **JENNIFER M. LAMARCA,** by her attorneys, **THE LAW OFFICE OF JON LOUIS WILSON, JON ROSS R. WILSON, ESQ.**, of counsel, as and for her complaint against the Defendants, alleges as follows:

1. That at all times hereinafter mentioned, the Plaintiff, **JENNIFER M. LAMARCA**, was and continues to be a resident of the County of Erie, State of New York.

2. That, upon information and belief, at all times hereinafter mentioned, the Defendant, **JAMES LEE McINTOSH**, was and continues to be resident of the City of Milford and State of Michigan.

3. That, upon information and belief, at all times hereinafter mentioned, the Defendant, **GENERAL MOTORS, LLC**, was and continues to be a limited liability company duly organized and existing and/or authorized to do business within the State of New York with the principal office for the conduct of its business located at 2995 River Road, Buffalo, New York.

4. That, upon information and belief, at all times hereinafter mentioned, Michigan Avenue, at its intersection with Eagle Street in the City of Buffalo, County of Erie, and State of New York, was and continues to be a public highway, in common use by the residents of the County of Erie and others, including the Plaintiff, **JENNIFER M. LAMARCA**.

5. That, upon information and belief, at all times hereinafter mentioned, the Defendant, **JAMES LEE McINTOSH**, was the operator and the Defendant **GENERAL MOTORS, LLC**, was the owner of a certain motor vehicle bearing New York State license plate number 8161201 for the year 2017.

6. That, heretofore, and on or about the 9th day of September, 2017, at approximately 8:14 p.m., in the afternoon, while the Plaintiff, **JENNIFER M. LAMARCA**, was lawfully riding as a passenger on a 2009 Harley Davidson motorcycle, bearing New York State license plate number 14RA85 for the year 2017, operated by PETER JOHN MAZZEO, JR., which was traveling southbound on Michigan Avenue, with the right-of-way in his favor, and while the vehicle owned by the Defendant **GENERAL MOTORS, LLC**, and operated by the Defendant **JAMES LEE McINTOSH** was proceeding in northbound on the said same Michigan Avenue, attempting to make a left hand turn onto the intersecting Eagle Street, illegally, without yielding the right-of-way to opposing southbound traffic on Michigan Avenue, thereby causing the said Defendants' vehicle to collide with the motorcycle upon which Plaintiff was riding as a passenger, resulting in the said Plaintiff sustaining severe, serious, and permanent personal injuries, as well as the loss of income due to lost time from her employment, all as more specifically set forth hereinafter.

7. That, the Defendant **JAMES LEE McINTOSH** was careless and negligent, in that, the said Defendant failed to observe vehicular traffic conditions ahead; failed to take proper and necessary precautions as his vehicle approached an intersection; failed to yield the right-of-way to opposing traffic proceeding in the opposite direction; failed to observe the motorcycle upon which Plaintiff was riding and effecting a left turn directly in front of same, thereby causing the motorcycle upon which Plaintiff was riding to collide with the Defendant's vehicle; failed to

yield the right-of-way to another vehicle lawfully within and/or approaching the intersection from the opposite direction; failed to operate his vehicle at a safe and reasonable speed for the traffic conditions then present; failed to reduce the speed of his vehicle upon nearing an intersection; and was otherwise careless and negligent; and, further, the Defendant, **GENERAL MOTORS, LLC** was careless and negligent, in that, the said Defendant failed to properly and adequately supervise the operation of its vehicle; failed to keep its vehicle in safe and adequate repair; and was otherwise negligent and careless.

8. That, the aforesaid incident was caused wholly and solely as a consequence of the carelessness and negligence of these Defendants, with no acts or omissions on the part of the Plaintiff contributing thereto.

9. That, as a consequence of the aforestated incident, the Plaintiff **JENNIFER M. LAMARCA** sustained serious and significant injuries, and, in particular, she was rendered sick, sore, and disabled, suffering severe internal and external injuries, including, but not limited to, multiple contusions and abrasions on or about her hands, arms, legs and knees; bulging, protruding, and/or frank herniations of intervertebral discs in her cervical spine from C2 to C7, requiring, among other medical treatment, an anterior cervical discectomy and fusion at level C5-6; numbness and tingling down her right arm; limited range of motion in her cervical spine; pain, discomfort and limited range of motion in her lumber spine; lumbar strain/sprain; numbness and tingling down her lower extremities; and, further, was caused to suffer great pain, distress, and mental anguish, and was prevented from attending to her usual and customary duties and occupation for an extended period of time, and was compelled to secure medical care and attention, thereby necessarily incurring costs for medical, hospital, pharmaceutical, and related services provided in connection with the injuries set forth hereinbefore, and reasonably expects to incur further costs, for similar services, in the future, occasioned by those injuries which are permanent in nature.

10. That, also as a consequence of the aforestated incident, the Plaintiff suffered a loss of income due to her inability to continue her usual and customary employment because of the injuries she sustained, as aforementioned.

11. That, the limitations on liability set forth in C.P.L.R. Article 16 do not apply herein and one or more of the exemptions set forth in C.P.L.R. 1602 applies.

12. That, by virtue of the foregoing, the Plaintiff **JENNIFER M. LAMARCA**, has been damaged in a sum sufficient to confer jurisdiction upon this court, and which is in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants in a sum sufficient to confer jurisdiction upon this court, and which is in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest, costs, and disbursements attendant thereto; and for such other, further, and different relief as to this Court may seem just, proper and equitable.

Dated:  December 13, 2018
        Lockport, New York

_____
**JON ROSS R. WILSON**
**THE LAW OFFICE OF JON LOUIS WILSON**
**Attorneys for Plaintiff**
**The Centennial House**
**111 Ontario Street**
**Lockport, NY 14094**
**(716) 434-2010**

# VERIFICATION

STATE OF NEW YORK)
                    ss:
COUNTY OF NIAGARA)

**JENNIFER M. LAMARCA**, being duly sworn, deposes and states that deponent is the Plaintiff in the within action; that deponent has read the foregoing Summons and Verified Complaint, knows the contents thereof; that the same is true to the deponent's knowledge, except as to those matters alleged upon information and belief, and as to those matters, she believes same to be true.

_____
JENNIFER M. LAMARCA

Sworn to before me this
13th day of December 2018

_____
Notary Public

JON ROSS R. WILSON
Notary Public - State of New York
No. 02WI6203148
Qualified in Erie County
My Commission Expires March 30, 20 21